SWIFT, Judge.
Plaintiff, Milbert St. Amand, instituted this suit to compel specific performance of an option to purchase which he allegedly exercised. Made defendants were the owners of the property: Larry and Dianna Ze- *805 rangue, Aldest and Felicion Zerangue, and Pershing and Beatrice Wimberly (Lessors) and Dianne Cooke Tevault.
The facts are that on January 26, 1977, the Lessors leased to Dianne Tevault certain immovable property in Opelousas for the operation of a lounge for a primary term of five years, beginning January 10, 1977, and ending January 10, 1982. The stipulated rental was $300.00 per month, payable on or before the first of each month. The lease also contained the following provision:
“As further consideration, Lessee is hereby granted an Option to Purchase the above described property and all buildings and improvements thereon, on/or before the tenth (10th) day of January, 1979, for the full sum and amount of Thirty-Three Thousand and no/100 ($33,-000.00) Dollars, the monthly rentals paid by Lessee to Lessors as consideration for this lease, to be deducted and subtracted from the purchase price should Lessee decide to exercise the Option to Purchase, it being further understood between Lessee and Lessors that the consideration to be paid should Lessee exercise the Option to Purchase shall be paid by Lessee to Lessors in cash.”
On April 4,1977, Ms. Tevault entered into an agreement with plaintiff in which the latter agreed to lend Tevault the sum of $20,000.00, repayable in monthly installments, to remodel and stock the lounge. This contract also contained the following provision:
“In the event of non-payment of the monthly installment by the Debtor, the Creditor will have the first option to purchase the business including the name, equipment and good will in order to protect his investment, with the purchase price to be negotiated at the time of the exercising of the option. Included in this option is the right to purchase the property on which the business establishment is located which said option is presently available to the debtor.”
In September, 1977, Tevault sent a check for the September rent to the Lessors. However, it was returned to the latter twice because of insufficient funds. Aldest Zerangue attempted to contact Ms. Tevault, but was unable to locate her. The October rent was not paid when due.
On October 6, 1977, the Lessors sent Te-vault a letter notifying her that the lease had terminated for her failure to pay the September and October rent. She was directed to vacate the premises within five days of receipt of the letter.
After some negotiations wherein both sides were represented by counsel, to avoid filing eviction proceedings Ms. Tevault signed a letter to the Lessors admitting her default under the lease and requesting the execution of a new lease. Also, it was agreed that she would pay the amount of the rent owed for September and October and a new lease would be granted.
On November 4, 1977, the $600.00 was paid by check (later returned “N.S.F.”, but made good) and a second lease covering the same property was entered into between Dianne Tevault and the Lessors at a monthly rental of $300.00 for a primary term of 1 year beginning November 1, 1977. This lease included the right to renew for three additional five year periods at increased monthly rentals. It also granted the lessee the option to purchase the leased property for the sum of $35,000.00 during a six-month period from November 1, 1977, through May 1, 1978.
By letter dated December 19, 1978, the plaintiff informed the Lessors that he had been assigned the option to purchase under the first lease and he was exercising the option. The Lessors refused to convey the property to plaintiff and this suit followed.
In J. F. Audrer Laboratories v. Deas, 223 La. 923, 67 So.2d 179 (La.1953), our supreme court ruled that an assignee of an option to purchase leased premises stands in the shoes of the original optionee. The principal question presented in the instant ease *806 therefore is whether Ms. Tevault could have exercised the first lease’s option to purchase on December 19, 1978.
In rejecting plaintiff’s demands, the trial judge found that the second lease entered into between the Lessors and Tevault on November 4, 1977, superceded the first lease. The plaintiff contends, however, that the first lease was still in existence on December 19, 1978, because Ms. Tevault paid the arrearages due under the first lease on November 4,1977, when the second lease was executed. His position is that the acceptance of this late payment and the Lessors’ acquiescence in similar conduct in the past amounted to a waiver of the right to insist on punctual payment of the rentals. In addition he relies on authority to the effect that after a notice to vacate has been given a landlord’s acceptance of rent for a period beyond the date of the lease’s termination vitiates the notice.
These rules of law in our opinion are inapplicable to this case. Although Ms. Te-vault paid arrearages due under the first lease on November 4, 1977, this was not done simply as payment of the September and October rentals. Testimony at trial revealed that the lessors required Ms. Te-vault to pay the arrearages under the first lease as part of the consideration for granting a new lease. Although the second lease does not specifically state that the first lease had terminated, it is clear that it had and the parties, Ms. Tevault and the Lessors, recognized this to be the case. Otherwise, there was no necessity for execution of the second lease. It is likewise certain that there was no collusion or intent on the part of the parties to deprive the plaintiff of any right which he may have had to the option. The first lease simply terminated for failure to pay timely the September and October rentals. LSA-C.C. Articles 2710 and 2712. The Lessors did not condone these violations of the lease or waive the right to complain of such breaches by accepting the $600.00 on November 4, 1977, because there is no indication that they thereby impliedly consented to so modify the lease. Illinois Cent. R. Co. v. International Harvester, 368 So.2d 1009 (La.1979).
As stated, under the jurisprudence where a lease and option to purchase are part of the same agreement, the option is in full force and effect only as long as the lease is in full force. Smith Enterprises, Inc. v. Borne, 245 So.2d 9 (La.App. 1 Cir. 1971). In the present action, since the January, 1977, lease had terminated prior to November 4, 1977, when the second lease was entered into, the option granted in the first lease also terminated with that lease. Thereafter, Ms. Tevault could not have exercised the option to purchase granted under the first lease and her assignee of the option had no greater right to exercise such option. Mr. St. Amand’s attempted exercise of the option on December 19, 1978, therefore had no effect. The trial judge correctly rejected the plaintiff’s demands.
Although there appears to be merit in the Lessors’ contention that their exception of no cause of action should have been sustained, it is unnecessary for us to rule in this respect in view of the conclusion we have reached on the merits.
For the above and foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.