EDWARD J. STOULIG, Judge Pro Tern.
Plaintiffs, Juanita and Rainer Landau, appeal a summary judgment dismissing their suit for specific performance of an option to buy property at 437 Esplanade Avenue, New Orleans, Louisiana, granted by landlord W. E. Groves in a contract of lease dated October 3, 1977. We affirm.
This case[1] was consolidated with a suit filed by Groves against plaintiffs on March *867 2, 1979, in which the landlord demanded past due rental and preservation of the lessor lien on movables in the leased premises. In that same proceeding, on March 30, 1979, Groves filed a rule for eviction and obtained a judgment on April 27,1979. No appeal was taken from that judgment of eviction.
On April 23,1979 plaintiffs filed this suit which was dismissed by summary judgment on July 13, 1979.
Summary judgment is appropriate if the pleadings, exhibits and attachments demonstrate there is no genuine issue of material fact and mover is entitled to a judgment as a matter of law. C.C.P. art. 966. Summary judgment may not be based on testimony at a hearing but must rest on pleadings, depositions, affidavits, interrogatories, exhibits or appropriate documentary evidence. Fisher v. Cash Grocery and Sales, 316 So.2d 872 (La.App.3rd Cir. 1975).
In this case a hearing was held and the introductory note of evidence states it was a hearing on a rule for eviction. Because the judgment of eviction had been rendered some two months before this hearing and the motion for summary judgment set for trial the same day as the testimony in question was taken, we assume it was introduced in connection with the motion for summary judgment. For the purpose of review we ignore the testimony as irrelevant and rest our affirmance on the documentary supports.
In the lease agreement the landlord reserved the following options in the event of a tenant breach:
“Should the Lessee at any time violate any of the conditions of this lease, or discontinue the premises for the purpose for which they are rented, or fail to pay the rent, water bill, or other expenses assumed under this lease, punctually at maturity, as stipulated; or upon the adjudication of Lessee in bankruptcy, the appointment of a receiver for Lessee, or the filing of a bankruptcy, receivership or respite petition by the Lessee; or upon Lessee’s suspension, failure or insolvency; and should such violation continue for a period of 90 days after written notice has been given Lessee, then, at the option of the lessor, the rent for the whole unexpired term of this lease shall at once become due and exigible; and Lessor shall have the further option to at once demand the entire rent for the whole term, or to immediately cancel this lease, or to proceed for past due installments only, reserving its right to later proceed for the remaining installments, all without putting Lessee in default, Lessee to remain responsible for all damages or losses suffered by Lessor, Lessee hereby assenting thereto and expressly waiving the legal notices to vacate the premises.”
The quoted provisions were called to the Landaus’ attention by letter of October 23, 1978 from Groves’ attorney because at that writing the tenants were $3,000.00 in arrears in rental payments.
Apparently this produced no result because on March 30, 1979 Groves served on the Landaus a five-day notice to vacate for nonpayment of $7,000.00 in rent due from August 1,1978 through March 31,1979. On March 30,1979, in the proceeding previously filed by Groves for unpaid rent, the landlord filed a rule for eviction. After the hearing on the rule for eviction heard April 20, 1979, at which it was developed plaintiffs only paid $500.00 of the admittedly owed $7,000.00 arrearage, judgment of eviction was rendered on April 27,1979 and the tenants failed to appeal suspensively or de-volutively.[2] The delay for a devolutive appeal expired July 6, 1979 and at this time the judgment of eviction which cancelled the lease agreement became final.[3]
*868 Lessees sued to enforce their option rights under the lease by a suit for a specific performance, which was met by the lessor’s motion for summary judgment based on the prior judgment of eviction.
The lease and option to purchase are a part of the same contract and are inseparable.[4] It therefore follows that the existence of the option rights are dependent upon the lease being in full force and in effect at the time they are sought to be exercised. Once the lease is terminated, as in this instance by eviction, all unexercised option rights are extinguished.
We conclude that if the Landaus desired to preserve their option rights under the lease they would have had to perfect a devolutive appeal to prevent its cancellation becoming finally adjudicated. This they failed to do. Reaching this result we obviate the need to consider the effect of nonpayment or tender of performance by plaintiffs on the option clause until after the landlord filed the rule for eviction.
We rest our affirmance of the summary judgment on the documentary evidence before us in the consolidated cases.
For the reasons assigned the judgment appealed from is affirmed.

AFFIRMED.

. By order dated May 3, 1979 the case of Juanita and Rainer Landau v. W. E. Groves, Docket No. 79-5920 of the Civil District Court, Parish of Orleans, was consolidated with the case of W. E. Groves v. Rainer, and Juanita Landau, Docket No. 79-3079 of the Civil District Court, Parish of Orleans.

. C.C.P. art. 4735 allows a suspensive appeal if the tenants file under oath an affirmative defense to the eviction and perfect the appeal within 24 hours of judgment.

. In Ductoe v. Callico, 307 So.2d 642 (La.App.4th Cir. 1974) this court recognized a tenant’s right to devolutively appeal a judgment of eviction, pointing out the delays for appeal set forth in C.C.P. art. 2087 applied.

. Amand v. Zerangue, 389 So.2d 804 (La.App.3rd Cir. 1980); Smith Enterprises, Inc. v. Borne, 245 So.2d 9 (La.App.1st Cir. 1971).