442 So.2d 1207 (1983)
James WILLIAMS
v.
PAYNE & KELLER, INC. and American Motorists Insurance Company.
No. 83-CA-381.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1983.
Joseph F. Clark, Jr., Hammett, Leake & Hammett, New Orleans, for Payne & Keller, Inc. and American Motorists Ins. Co., defendants-appellants.
Sylvia E. Taylor, Reserve, and Charles R. Jones, New Orleans, for James Williams, plaintiff-appellee.
Before BOUTALL, CHEHARDY and GAUDIN, JJ.
BOUTALL, Judge.
This is a workman's compensation case. Because of the procedural problems it contains, we do not consider the merits, but remand to the trial court for further proceedings.
The suit arises from a back injury incurred by James Williams on August 3, 1981, when he was employed by Payne and Keller as a cement finisher on a construction job. Payne and Keller paid medical bills and compensation from August 3 through September 10, 1981, when company physicians declared Williams fit to return to work. As the company refused further claims, Williams filed suit against Payne and Keller and its insurer, American Motorists Insurance Company, on February 2, 1982.
Trial was held on September 14, 1982, and the judge ruled from the bench at its conclusion, as follows:
"The Court finds that a compensable accident did take place on August 3rd, 1981, and for which workman's compensation benefits are due. The only evidence in the record preponderates in favor of the plaintiff in this respect ... which certainly indicates that at least up until the present time that Mr. Williams is totally disabled since this accident on August 3rd, 1981...."
The judge stated that he would take the issue of penalty and attorney's fees under advisement and ordered the parties to submit briefs. He further ordered the plaintiff's counsel to submit a judgment in accordance with his ruling. The judge signed the submitted judgment October 6, 1982, in which it was decreed that plaintiff was totally and permanently disabled. The defendants filed a motion for appeal and also a petition for nullity on November 24, 1982. Grounds for the action of nullity were that the signed judgment did not reflect the judge's decision as rendered from the bench, which was for temporary total disability rather than permanent total disability; that counsel for the plaintiff failed to *1208 notify the defendants that the judgment had been filed or send a copy of it; and that the defendants had not received actual notice of the judgment.
On May 24, 1983 the court on its own motion, but apparently after conference with defendants' attorney, signed an amended judgment declaring plaintiff to be temporarily totally disabled. On June 8, 1983 the plaintiff filed an appeal from the amended judgment. This court then had two appeals before it, one by the defendants from the judgment of October 6, 1982 and one by the plaintiff from the amended judgment of May 24, 1983, docketed as one appeal and set to be heard November 2, 1983.
Defendant's Appeal from October 6, 1982 Judgment
On October 13, 1983, before the hearing date, Payne and Keller and its insurers filed a motion to dismiss their appeal. The chief judge notified all the attorneys that the plaintiff's appeal had been inadvertently filed under the same docket number as the original appeal rather than under a separate number. Considering that the parties might be misled, the chief judge allowed the parties to evaluate the ramifications of dismissal and requested memoranda. As neither party responded, we have by separate motion ordered the defendants' appeal dismissed in accordance with its request. This leaves only plaintiff's appeal from the amended judgment before us for consideration.
Plaintiff's Appeal from Amended Judgment of May 24, 1983.
We note at the outset that the amended judgment, dated May 24, 1983, is null on the face of the record, because the change in the decree from permanent total disability to temporary total disability is clearly a substantive modification of judgment. While La.C.C.P. art. 1951 permits amendment of final judgment by the trial court at any time, it permits the amendment only to alter the phraseology of the judgment but not the substance. Where a substantive error occurs in a written judgment, the remedy is ordinarily a timely application for a new trial or a timely appeal. Hebert v. Hebert, 351 So.2d 1199 (La.1977); Villaume v. Villaume, 363 So.2d 448 (La.1978). At the same time, dependent upon facts such as are alleged here, it is possible that the nullity of a final judgment may be demanded for vices of either form or substance under C.C.P. art. 2001.
Our conclusion as to the nullity of this judgment places us in a procedural posture where we have no vehicle with which to inquire into the merits of the plaintiff's claim for disability. As noted above, the original judgment is no longer before us because the appeal of that judgment has been voluntarily dismissed.
In an ordinary proceeding we might nevertheless feel constrained to make inquiry into the merits of the case in order to insure fairness to the parties before the court, but this is a workman's compensation proceeding and it appears that there are available remedies which may solve the dispute between the parties. First, we refer to the existence of the petition for nullity of the original judgment which is still pending in the trial court and is available to assert defendant's claim of impropriety. Secondarily, there is available to both parties the re-examination of the plaintiff for a modification of the judgment on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud or misrepresentation, as provided in L.R.S. 23:1331. Assuming, but not deciding, that the evidence justifies the trial court's finding of temporary disability, we note that neither in his oral reasons or in the decree did the trial judge set a time limitation as to the cessation of disability. Accordingly, even if we took up the matter on the merits for the sake of judicial economy and time, this matter would still have to be taken up again by the trial court in order to determine when the temporary disability would cease. Thus we conclude that our examination into the merits would be of no avail *1209 and would not conclude the issues between the parties with any finality.
Accordingly, considering that we have dismissed the appeal of Payne and Keller, Inc. and American Motorists Insurance Company by separate judgment, we render judgment in favor of appellant James Williams setting aside and annulling the amended judgment dated May 24, 1983, and we remand this matter to the trial court for consideration of such proceedings as may be appropriate under the nullity petition or the provisions of L.R.S. 23:1331 or both.
JUDGMENT OF MAY 24, 1983 ANNULLED AND CASE REMANDED.