LINDSAY, Judge.
The defendant, John Lewis Henderson, appeals the trial court judgment denying his motion to enjoin garnishment of his wages. The plaintiff, John D. Moore, and the garnishee, South Central Bell Telephone Company, Inc., have answered the appeal.
The record reveals that the defendant, John Lewis Henderson, was an employee of South Central Bell Telephone Company, Inc. On November 23, 1982, Henderson and two co-workers were sent by their employer to a job at an apartment complex. While there, without permission, Henderson rode and completely destroyed a motorized vehicle, known as a Honda ATC, belonging to the plaintiff, John D. Moore. As a result of the damage done to his vehicle, plaintiff originally filed suit against South Central Bell and John Lewis Henderson, as well as two other employees of South Cen *1123 tral Bell. South Central Bell answered, denying liability, and filed a third party demand against its employees seeking recovery from them in the event the company was held vicariously liable for their actions. An answer was filed on Henderson’s behalf by his attorney, Mr. Lewis Weinstein.
The case was tried by the trial court in July, 1984. Henderson was not present at trial but was represented by his attorney. The court minutes show that on July 12, 1984 the trial court entered judgment in favor of the plaintiff against John Lewis Henderson for $1,744.88. The record does not contain a transcript of this trial, however it appears that the other two employees of South Central Bell were found not to be at fault in causing the property damage. The issue of liability of Henderson’s employer, South Central Bell, was taken under advisement by the trial court. The minute entry with respect to Henderson specifically provides:
Regularly taken up for trial. Third Party defendants not present but represented by counsel in Open Court. Leroy Davis present in proper person. Evidence adduced in part and closed by plaintiff. Motion for Directed Verdict made on behalf of South Central Bell and Third Party Defendants excluding Leroy Davis, said motion argued, submitted and overruled. Evidence further adduced, closed and matter submitted. Judgment rendered in favor of plaintiff against Mr. John Lewis Henderson in the sum of $1744.48. Court ordered case to be argued Monday, July 16, 1984 (see decree) (Judge Scott).
South Central Bell was ultimately absolved of liability for the actions of its employee, Henderson. The trial court filed a written opinion on October 18, 1984 holding that South Central Bell was not responsible for Henderson’s actions:
The court has already rendered an oral opinion concerning the liability of Mr. Henderson in this case and accordingly, judgment should be prepared awarding plaintiff the sum of ONE THOUSAND SEVEN HUNDRED FORTY-FOUR AND FORTY-EIGHT ONE HUNDREDTHS (1,744.48) DOLLARS together with legal interest from the date of judicial demand until paid, and for all costs of these proceedings against John Henderson....
Final judgment was signed and filed by the trial court October 23, 1984. Notice of judgment was mailed to the office of Henderson’s attorney, Lewis Weinstein, on November 9, 1984. However, Lewis Wein-stein died in early September, 1984. Mr. Weinstein was a sole practitioner.
In December, 1984, Moore caused a writ of fieri facias to issue and filed a petition for garnishment against South Central Bell to garnish Henderson’s wages in satisfaction of the judgment against him. The garnishee answered that defendant was employed and based upon the answer filed by the garnishee, a judgment against the garnishee, South Central Bell, was signed and filed January 7, 1985. This was a customary garnishment judgment directing that South Central Bell retain a portion of Henderson’s wages and transmit them to the Sheriff of Caddo Parish to be disbursed under the garnishment judgment.
However, on January 29, 1985, Henderson filed a petition against Moore, South Central Bell, and Donald Hathaway, Sheriff of Caddo Parish, in which he sought to enjoin the garnishment. Henderson also claimed damages for wrongful issuance of the writ of fieri facias. He was granted a temporary restraining order by the trial court on the same date.
In his petition for the injunction, Henderson contended that the judgment against him was not final. He contended that since the original case was taken under advisement by the trial court, he was entitled to notice of the judgment against him. Henderson claims that notice of judgment mailed to the office of his attorney who died following the trial but prior to the signing of the judgment was insufficient notice.
Following a hearing on the action to enjoin the garnishment, the trial court refused to grant the injunction and main *1124 tained the garnishment. The trial court signed and filed a judgment on July 15, 1985 upholding the garnishment and providing that the garnishment “applies only to checks issued ten days after notice of judgment has been mailed to all parties.” In written reasons for the judgment, the trial court found that mailing of notice to the office of Henderson’s deceased attorney, Lewis Weinstein, was sufficient under LSA-C.C.P. Art. 1913 which requires mailing of notice of judgment when a case is taken under advisement.
Henderson appealed the trial court ruling, arguing the trial court erred in finding the notice of judgment in this case was sufficient.
John D. Moore answered the appeal claiming it is frivolous and asked for damages in the amount of $1,500.
South Central Bell also answered the appeal stating that as a result of the temporary restraining order and suspensive appeal, sums were not being withheld from Henderson’s salary, and requested that if Moore prevailed on appeal, the judgment should be amended to specify that the garnishment should apply only to checks already garnished and those issued ten days after the judgment of this court becomes final.
Under the procedural posture of this case, we must first determine if Henderson was entitled to notice of judgment and if so, whether notice of judgment sent to the office of his deceased attorney was sufficient to comply with LSA-C.C.P. Art. 1913 which provides, in part:
Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of the final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and. to each party not represented by counsel.
Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required.
The question of whether Henderson was entitled to notice of judgment depends on whether the trial court properly entered a partial judgment complete against Henderson in court on July 12, 1984. The trial court minutes and written reasons for judgment clearly show that Henderson was found liable in open court on July 12, 1984, and the only issue taken under advisement was whether South Central Bell was vicariously liable for Henderson’s actions. If this was a proper and complete partial judgment against Henderson, not taken under advisement by the trial court, then Henderson was not entitled to notice of judgment.
LSA-C.C.P. Art. 1915 provides:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969.
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.
. The comments to this article indicate its purpose is to provide for one final judgment and avoid piecemeal litigation. How *1125 ever, the jurisprudence indicates that the listing in LSA-C.C.P. Art. 1915 of instances in which partial final judgments may be entered is not exclusive. In Walker v. Jones, 257 La. 404, 242 So.2d 559 (1970), the Louisiana Supreme Court recognized a partial final judgment not directly fitting into a category listed under this procedural article. That case involved an auto accident in which Walker sued Jones and the State Highway Department. Jones reconvened against Walker and filed a third party demand against the State Highway Department. At the close of trial, the trial court found the accident was due solely to the negligence of the Highway Department, finding in favor of both Jones and Walker. However, the final judgment signed by the trial court excluded Jones. Another judgment in favor of Jones was signed at a later date. The Louisiana Supreme Court found that the trial court could properly enter two judgments in this case, finding that although piecemeal litigation resulting from multiple judgments is undesirable, that principle did not really fit the circumstances of the case. Although that case received scholarly criticism, it has not been overruled.[1]
By this rationale, in the present case, the trial court at the end of trial entered a proper and complete partial judgment against Henderson, finding him liable for the damage to Moore’s vehicle in the amount of $1,744.88. Henderson’s attorney of record was present in open court. The judgment as to Henderson was complete in every respect at that time and the trial judge could have immediately signed a judgment against Henderson for the property damage. Only the issue of South Central Bell’s vicarious liability for Henderson’s actions was taken under advisement. There was no question as to Henderson’s liability. Therefore, under the provisions of LSA-C.C.P. Art. 1913, Henderson was not in fact entitled to notice of judgment. Because Henderson was not entitled to notice of judgment, we do not reach the question of whether mailing notice to the office of Henderson’s deceased attorney was sufficient.
In this case, Moore answered the appeal claiming Henderson’s appeal was frivolous. Moore requests damages under LSA-C. C.P. Art. 2164 which provides:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal. ...
Under this article, damages will be awarded only when it is clear that the appeal was taken solely for the purpose of delay and that counsel does not seriously believe in his legal position. Mathews v. Mathews, 415 So.2d 234 (La.App.2d Cir. 1982); Gunderson v. Libbey Glass, 412 So.2d 656 (La.App.2d Cir.1982); Texas General Petroleum Corporation v. C.A. Brown, 408 So.2d 288 (La.App.2d Cir.1981). Under the facts of this case we do not find that Henderson’s appeal was frivolous.
The garnishee, South Central Bell, also answered the appeal asserting that due to the suspensive nature of this appeal Henderson’s salary had not been garnished while this suit was pending. South Central Bell requests that in the event Henderson was unsuccessful on appeal in having the garnishment overturned, that the judgment be revised to provide the garnishment would apply only to those checks already garnished and those coming due to Henderson ten days after the judgment of this court becomes final. South Central Bell reasons that under LSA-R.S. 13:3881 it could not comply with the judgment of the trial court if merely affirmed.
The suspensive nature of this appeal suspended the judgment while the suit was pending. Therefore the trial court judgment upholding the garnishment of Henderson’s wages from South Central Bell is amended to apply to those checks already garnished and to sums owed by South Central Bell to Henderson coming due following the finality of the judgment of this *1126 court until the judgment in favor of Moore for property damage is satisfied.
For the above stated reasons, the judgment of the trial court, as amended, is affirmed at appellant’s cost.
AMENDED AND AFFIRMED.

. Crawford, Work of Appellate Courts, 1970-71 —Procedure, 32 La.L.Rev. 315 (1972).