CIACCIO, Judge.
Defendant appeals a summary judgment granted in favor of plaintiff. The judgment was granted after two full days of trial and addresses only plaintiff's claims, indicating that “Judgment as to other issues [presumably defendant’s reconven-tional demands which offset plaintiff's claims] is to be rendered after submission of briefs.” On grounds which are largely procedural, we set aside that judgment and remand this matter.
Defendant and two other energy industry corporations formed the joint venture International Lift Boats. Defendant withdrew from the joint venture, and the other two corporations continued on with the venture. Alleging that defendant owed commissions and other debts to the joint venture, the two corporations as the joint venture sued defendant on open account.
Defendant answered, alleging that the commissions were not owed because they had not been earned under the terms of the joint venture and that it had never maintained an open account with plaintiff; defendant reconvened for sums it alleged were owed to it by the joint venture. Plaintiff filed a motion for summary judgment; the district court “referred the motion to the trial date.” After two days of trial, the court granted the motion, rendering judgment on open account in favor of plaintiff for the full amount of its claims plus attorney fees; the merits of the other issues were neither addressed nor resolved.
A motion for summary judgment should be granted and the judgment sought rendered “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.C.C.P. Art. 966 B. The purpose of this procedural device is to expeditiously dispose of cases involving only issues of law; the mover for summary judgment, therefore, must prove that there is no genuine issue of material fact. In determining the genuiness of the issue, the courts should not consider the merits of the fact at issue or whether the party alleging the fact will be able to sustain the burden of proving it. Nor should the summary judgment procedure be substituted for a trial on the merits. Magie v. Patio Motel, Inc., 301 So.2d 381 (La.App. 4th Cir.1974).
Oral testimony should be neither received nor considered, even with consent of counsel, to decide a motion for summary judgment; to sanction such procedure can have no practical effect other than to foster and encourage piecemeal trials and appeals. The issue of credibility is not properly before the court on a motion for summary judgment, and the likelihood that a party will be unable to prove his allegations upon a trial on the merits does not constitute a basis for rendering summary *407 judgment. Summary judgment will be improper absent a showing that there is no genuine issue of material fact. See Hemphill v. Strain, 341 So.2d 1186 (La.App. 1st Cir.1986), writ refused, 343 So.2d 1072 (La.1977), and Urban Management Corporation v. Burns, 427 So.2d 1310 (La.App. 2d Cir.1983). See also Landau v. Groves, 397 So.2d 866 (La.App. 4th Cir.1981), and Wattigny v. Lambert, 453 So.2d 1272 (La.App. 3d Cir.1984).
A review of the record before this court shows that almost every factual allegation, other than the establishment and existence of the joint venture, has been put at issue. Both parties claim to be due money from the other, which debts are denied. Because these genuine issues of material fact exist, the motion for summary judgment should have been denied.
Except as provided in La.C.C.P. Art. 1915, it is intended that there be one final judgment, to prevent multiplicity of appeals and piecemeal litigation. La.C.C.P. Art. 1915, Official Revision Comments, Comment (b); compare Walker v. Jones, 257 La. 404, 242 So.2d 559 (1970). Article 1915 permits a partial judgment when the court “[sjigns a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.” In this case, however, the court did not order the separate trial of the principal and incidental actions. A partial judgment after a single trial on both actions is improper. We reiterate the desirability of preventing multiplicity of appeals and piecemeal litigation.
We have not addressed the merits of the parties’ claims but set aside the judgment for the procedural reasons discussed above. We remand this matter to the district court for the rendering of a single final judgment on the merits of all claims properly before the court. All costs of this appeal shall be paid by plaintiff-appellee.
JUDGMENT SET ASIDE; REMANDED.