550 So.2d 815 (1989)
Henry E. BROWN, Appellee,
v.
Roxie Ann Graham BROWN, Appellant.
No. 20797-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1989.
*816 Piper and Associates by Ramona L. Emanuel, Shreveport, for appellant.
Frederick Lewis, Jr., Shreveport, for appellee.
Before FRED W. JONES, Jr., SEXTON and HIGHTOWER, JJ.
FRED W. JONES, Jr., Judge.
Henry Brown sued his wife, Roxie Brown, for a divorce in 1987, alleging the parties had been separated since 1983. Mrs. Brown answered, admitting the separation, but reconvened for a divorce on the ground of adultery and asked for permanent alimony.
After a trial, Brown was granted a divorce. In oral reasons for judgment, the trial judge found that Mrs. Brown's actions constituted fault sufficient to deprive her of alimony. The judgment of divorce, signed on March 10, 1988, granted Brown a divorce from Mrs. Brown but did not mention "fault" and did not dispose of the reconventional demand. Mrs. Brown appealed this judgment. We dismissed that appeal on September 15, 1988 as untimely, stating that our action did not address the issue of fault or entitlement to alimony.
On October 30, 1988, Mrs. Brown filed a motion to amend the original judgment, asking for a finding of fault and an award of alimony. An amended judgment was signed on October 31, 1988, finding that Mrs. Brown's actions constituted legal fault and rejecting her reconventional demand. Mrs. Brown appealed this judgment on November 10, 1988.
As a general rule a final judgment is not subject to a substantive amendment by the trial judge on his motion or motion of any party. Edwin M. Jones Oil Co., Inc. v. Cobb, 469 So.2d 357 (La.App. 2d Cir.1985). La.C.C.P. Art. 1951 provides that a final judgment may be amended by a trial court at any time, with or without notice, on its own motion or on motion of any party, to alter the phraseology of the judgment, but not the substance; or to correct errors of calculation.
Where a substantive change needs to be made in the judgment, the proper recourse is the timely application for new trial or a timely appeal. Villaume v. Villaume, 363 So.2d 448 (La.1978); Hebert v. Hebert, 351 So.2d 1199 (La.1977); Daughdrill v. Tenneco Oil, 529 So.2d 104 (La.App. 4th Cir. 1988); Edwin M. Jones, supra; Tuttle v. Tuttle, 430 So.2d 269 (La.App. 5th Cir. 1983), affirmed 462 So.2d 175 (La. 1985); Williams v. Payne & Keller, Inc., 442 So.2d 1207 (La.App. 5th Cir.1983).
When an amendment of the substance of a judgment is made without the granting of a new trial, the amended judgment has been held to be invalid or null and not within the purview of La.C.C.P. Art. 1951; Pringle Associated Mortgage Corp. v. Cox, 234 So.2d 854 (La.App. 1st Cir.1970), affirmed 258 La. 499, 246 So.2d 841 (1971); *817 Ernst v. Bassett, 521 So.2d 414 (La.App. 5th Cir.1988).
While La.C.C.P. Art. 1915 permits a partial judgment when the principal and the incidental demands are tried separately, that is not the case here. Furthermore, except for those listed circumstances in La.C.C.P. Art. 1915, it is intended that there be one final judgment to prevent multiplicity of appeals and piecemeal litigation. Aries Marine Corporation v. Blue Streak Marine, Inc., 541 So.2d 405 (La. App. 4th Cir.1989).
Finally, where there is judgment for the plaintiff without addressing the defendant's reconventional demand, there has been an implied ruling against the defendant's reconventional demand. Ernst, supra.
Clearly the amendment at issue was a substantive change. The proper time to seek a remedy was during the time allowed for a motion for a new trial or a timely appeal. The original judgment was appealed from untimely; the amendment was signed after that appeal was dismissed by this court as being untimely. Since this appeal is made on an amended judgment that was signed after the delays had passed for both a motion for a new trial and a timely appeal, the amended judgment of the trial court is INVALID and this appeal is DISMISSED.
Costs of the appeal are assessed to the appellant.
HIGHTOWER, J., concurs with written reasons.
HIGHTOWER, Judge, concurring.
I write separately to express reservation as to one premise of the opinion. In effect, the majority states that, save for the limited situations described in LSA-C.C.P. Art. 1915, one final judgment is invariably mandated so that multiplicity of appeals and piecemeal litigation may be avoided. However, under appropriate circumstances, recognition has previously been accorded a partial final judgment not precisely qualifying as an enumerated codal exception.
In Walker v. Jones, 257 La. 404, 242 So.2d 559 (1970), it was held that a supplemental judgment may be signed where the trial judge has decided in favor of a party in an incidental demand but, through inadvertence or error, did not dispose of that demand in the signed original judgment.
There, in treating the "two judgment" issue, after discussing the pertinent provisions of the Code of Civil Procedure and related jurisprudence, the Supreme Court stated at pages 563-564:
The Department also contends that the trial court's action in signing two judgments in this case violates the rule that there should be one final judgment in a case to avoid multiplicity of appeals and piecemeal litigation. But those desirable objectives, if they can be called rules, like so many others in law, are not absolute; they are subject to exceptions under our Code where the rules of joinder are liberal....
Under the Code of Civil Procedure ... the Court may render separate judgments on principal and incidental demands, Articles 1038 and 1915. These latter two articles would seem to imply that the Court should do so only when the matters are separately tried.
However, as here, when the Court after assigning written reasons to support adjudication of both the principal and third party demand, through inadvertence or otherwise, signs a formal judgment disposing of the principal demand without the knowledge or participation of counsel for third party plaintiff, a separate adjudication of the third party demand would not seem to be prohibited in our law, simply because it is not specifically authorized in the Code.
As recently as three years ago, this court acknowledged that Walker had never been overruled in spite of scholarly criticism. See Moore v. South Central Bell Telephone Co., Inc., 488 So.2d 1122 (La.App. 2d Cir.1986). That observation remains true today.
The record in the case sub judice reveals that the district judge disposed of all issues in his oral reasons delivered from the *818 bench the day of trial. However, the original judgment signed several weeks after trial, through inadvertence or otherwise, did not dispose of Mrs. Brown's incidental demand and, more particularly, the issue of her fault. Further, the record contains assertions that the original judgment was not presented to Mrs. Brown's attorney for her signature.
Under such circumstances and in light of Walker, it is possible to view the "amended judgment" of October 31, 1987, which disposed of Mrs. Brown's incidental demand, as a partial judgment. As such, her present appeal becomes timely.
However, there exist certain narrow factual distinctions between the present case and Walker, which clearly was intended to be a very limited holding. Because of those distinctions, I concur in the present dismissal, while expressing the reservation indicated.