650 So.2d 1232 (1995)
Eldon FALLON and United States Fidelity and Guaranty Company
v.
Michael SULLIVAN, Capricorn Investments, Inc. and General Star Management Company.
No. 94-CA-1927.
Court of Appeal of Louisiana, Fourth Circuit.
February 23, 1995.
Writ Denied April 20, 1995.
*1233 Albert J. Nicaud, Metairie, for plaintiffs/appellants.
Michael T. Tusa, Jr., Metairie, for appellee Capricorn Investments, Inc.
John P. Wolff, III, Keogh, Cox & Wilson, Ltd., Baton Rouge, for appellee General Star Indem. Co.
Before LOBRANO, WALTZER and MURRAY, JJ.
LOBRANO, Judge.
Plaintiffs, Eldon Fallon and his liability insurer, United States Fidelity and Guaranty Company (USF & G), appeal the granting of summary judgment in favor of defendants, Capricorn Investments, Inc. (Capricorn) and General Star Indemnity Company (General Star). We affirm.
On November 5, 1991, a fire occurred at the Bourbon Pub located at 801 Bourbon Street in New Orleans, Louisiana. Michael Sullivan, a bartender at the Bourbon Pub, was charged with aggravated arson in the connection with that fire and pled guilty to that charge. The fire, and efforts to extinguish the fire, caused damage to the adjoining premises located at 807 Bourbon Street which was owned by Eldon Fallon and insured by USF & G.
Fallon and USF & G filed a petition for damages against Sullivan,[1] Capricorn, Sullivan's employer and owner of the Bourbon Pub, and General Star, Capricorn's liability insurer. In their petition, plaintiffs claim that as Sullivan's employer, Capricorn is liable for plaintiffs' damages under the theory of respondeat superior.
Capricorn answered plaintiffs' petition asserting that Sullivan was not acting within the course and scope of his employment when he set the fire at the Bourbon Pub. *1234 Capricorn also filed a cross-claim against General Star arguing alternatively that if the conduct of Sullivan is shown to be within the course and scope of his employment, then General Star should be held liable for any damages for which Capricorn is held liable. General Star answered plaintiffs' petition and Capricorn's cross-claim arguing that Sullivan's criminal action of setting the fire at the Bourbon Pub was not covered under its policy.
Capricorn and General Star both filed motions for summary judgment. In support of its motion, Capricorn filed a memorandum, the affidavit of Tex Knight, the general manager of the Bourbon Pub, the criminal bill of information against Sullivan and the guilty plea form signed by him, interrogatories propounded to plaintiffs and answers to same, and a statement of uncontested facts. In support of its motion, General Star filed two memoranda, the guilty plea form signed by Sullivan and General Star's policy covering Capricorn. In opposition plaintiffs filed only a memorandum.
Both Capricorn and General Star asserted that they were entitled to summary judgment because Sullivan's action in setting the fire was not within the course and scope of his employment. Additionally, General Star argued that Sullivan's action was not an "occurrence" as defined in the General Star policy and that the "intentional acts" exclusion of the policy precludes coverage for the damage to plaintiffs' property.
In granting summary judgment in favor of both defendants, the trial judge reasoned that, although there is no question of fact that Sullivan intentionally set the fire at the Bourbon Pub, there is a genuine issue of fact as to whether or not Sullivan had the subjective intent to cause damage to the plaintiffs' property. With respect to defendants' argument that the fire was not an "occurrence" as defined in the policy, the judge noted that "occurrence" was defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Because of evidence that Sullivan had previously set three other fires on Capricorn's premises, the trial judge found that the instant fire fell within the definition of "occurrence" in the General Star policy. However, the court found that there was no genuine issue of fact presented by plaintiffs to counter the defendants' claim that Sullivan was not within the course and scope of his employment when he started the fire at the Bourbon Pub. Both motions were granted.
Plaintiffs perfect this appeal arguing error in the trial court's conclusions. Initially we note that plaintiffs argue that the trial court's judgment in favor of General Star contradicts the court's finding that a question of fact remains as to Sullivan's subjective intent in setting the fire. This argument is without merit. Summary judgment was not granted on the basis of the "intentional act" argument; rather, it was granted solely on the ground that Sullivan was not within the course and scope of his employment when he started the fire. Contrary to plaintiffs' suggestion, both Capricorn and General Star asserted that Sullivan was not within the course and scope of his employment when he set the fire and that was the basis of the Court's ruling. For the following reasons we agree with that ruling and thus plaintiffs' arguments which, are not related to that issue, need not be addressed.
Appellate courts review summary judgments de novo and use the same criteria as the trial court. Schroeder v. Board of Supervisors, 591 So.2d 342 (La. 1991); Kantack v. Progressive Insurance Company, 618 So.2d 494 (La.App. 4th Cir.1993), writ denied, 620 So.2d 845 (La.1993). Summary judgment is proper only if the pleadings, depositions and affidavits show there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B); Thornhill v. Black, Sivalls and Bryson, Inc., 394 So.2d 1189 (La.1981). The burden is on the mover to prove the absence of any genuine issue of material fact. Any doubt shall be resolved against the mover and in favor of a trial on the merits. Raine v. CECO Corporation, 627 So.2d 713 (La.App. 4th Cir.1993). Inferences to be drawn from underlying facts contained in the materials before the Court must be viewed in the light most favorable to *1235 the party opposing the motion. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981).
To satisfy his or her burden, the mover has to clearly show the truth of the facts asserted. That showing must exclude any real doubt as to the existence of any genuine issue of material fact. Vermilion Corp., supra. The mover's pleadings, affidavits and documents must be scrutinized closely while those of the opponent are treated indulgently. Urbeso v. Bryan, 583 So.2d 114 (La.App. 4th Cir.1991). Supporting and opposing affidavits shall be made on personal knowledge and set forth facts that would be admissible in evidence. La.C.C.P. art. 967; Urbeso, supra. Ultimate facts and conclusions of law contained in supporting affidavits cannot be considered in granting summary judgment. Urbeso, supra.
Summary judgment is not to be used as a substitute for a trial on the merits. Brister v. Parish of Jefferson, 393 So.2d 883 (La.App. 4th Cir.1981). Any doubt shall be resolved in favor of a trial on the merits. Urbeso, supra. Only when reasonable minds must inevitably conclude that the mover is entitled to a judgment as a matter of law on the facts is summary judgment warranted. Thornhill, supra; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The Court should not seek to determine whether it is likely that the mover will prevail on the merits, but rather whether there is an issue of material fact. Good v. Fisk, 524 So.2d 203 (La.App. 4th Cir.1988).
In determining whether summary judgment was appropriate in this case, we look to the law regarding employer liability for actions of employees. Employers are liable for damage caused by their employees in the exercise of the functions in which they are employed. La.C.C. art. 2320. The phrase "in the exercise of the functions in which they are employed" is equivalent to the phrase "course and scope of employment." Johnson v. Dufrene, 433 So.2d 1109 (La.App. 4th Cir.1983), writ denied, 441 So.2d 765 (La.1983). An employee's actions are within the course and scope of his employment if the conduct in question is "so closely connected in time, place, and causation to his employment duties as to be regarded a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interests." LeBrane v. Lewis, 292 So.2d 216 (La.1974); Aaron v. New Orleans Riverwalk Association, 580 So.2d 1119 (La.App. 4th Cir.1991), writ denied, 586 So.2d 534 (La.1991). The scope of risks attributable to an employer increases with the amount of authority and freedom of action granted to the employee in performing his assigned tasks. Ermert v. Hartford Insurance Co., 559 So.2d 467 (La.1990).
The record contains the affidavit of Tex Knight, the general manager of the Bourbon Pub during the time that Sullivan was employed. Knight stated that Sullivan was employed as a bartender and that he worked the 5:00 a.m. to 1:00 p.m. shift at the first floor bar. According to Knight, Sullivan's duties included serving customers, making drinks, operating a cash register, cutting up lemons and limes for drinks, and wiping down and keeping clean the ice bins, liquor bottles and first floor bar.
Knight also stated that the second floor bar closed daily at 4:00 a.m. and that Sullivan at no time was supposed to be on the second floor during his shift. Plaintiffs have alleged that the fire at the Bourbon Pub was started on the second floor at approximately 6:00 a.m.
The statements by Knight as to Sullivan's duties as an employee of the Bourbon Pub were not controverted by plaintiffs. Plaintiffs have offered no affidavits or other documentation to counter defendants' allegations that Sullivan's duties were limited and specific and did not include the freedom to go to the second floor bar during his shift.
We agree with the trial judge's conclusion that the evidence in the record establishes that Sullivan's duties, and tasks incidental to those duties, did not include setting fire to his employer's premises. Sullivan's conduct in setting the fire had nothing to do with his employment duties and cannot be considered a risk of harm fairly attributable to his employer's business. Sullivan's motivations *1236 were purely personal and were certainly against the interests of his employer.
Thus, we conclude that the trial judge correctly found that Sullivan was not acting in the course and scope of his employment when he set fire to his employer's premises. Summary judgment was correctly granted in favor of Capricorn and General Star. Accordingly, the trial court judgment is affirmed.
AFFIRMED.
NOTES
[1] Plaintiffs were unable to effect service of their petition upon defendant Sullivan.