463 So.2d 729 (1985)
DECATUR-ST. LOUIS COMBINED EQUITY PROPERTIES, INC., VENTURE, Combined Equity Properties, Inc., and E. Ralph Lupin, M.D.
v.
R. Clyde ABERCROMBIE and Leon J. Impastato.
Nos. CA-2042 to CA-2045 and CA-2788.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1985.
*730 Robert G. Jackson, Ltd. A Professional Law Corp., Baton Rouge, for appellants.
Darleen M. Jacobs, A Professional Law Corp., New Orleans, for appellee.
Before KLEES, CIACCIO and WARD, JJ.
CIACCIO, Judge.
In these consolidated cases the only issue before this court on appeal involves the trial court granting two partial summary judgments in favor of plaintiffs, Leon J. Impastato and R. Clyde Abercrombie.
Plaintiffs and defendants entered into an agreement whereby defendants purchased plaintiff's interest in an in commendam partnership for a total of four hundred thousand ($400,000.00) dollars. Defendants paid forty thousand ($40,000.00) dollars in cash and issued a three hundred sixty thousand ($360,000.00) dollars note for the balance. The terms of the note called for payment in monthly installments. Plaintiffs' petition alleges defendants' failure to pay monthly installments and seeks recovery of the balance due on the note alleged by plaintiffs to be three hundred forty-five thousand thirty-eight and 62/100 ($345,038.62) dollars.
Defendants answered plaintiffs' petition by denying all allegations except their status. Further answering, defendants alleged a partial failure of consideration and claimed various damages totalling four hundred six thousand ($406,000.00) dollars as an offset to any amount claimed by plaintiffs. Defendants stated their claim as follows:
9.
That plaintiffs held out, both in writing and under oath, that the partnership interests that they sold to defendant, Combined Equities, Inc., contained certain real properties constituting a hotel development in the New Orleans French Quarter as evidenced by portions of a private placement memorandum executed by *731 plaintiffs and annexed hereto as exhibit D-1.
10.
The plaintiffs further acknowledged same as evidenced by Amended Articles of Partnership dated May 23, 1979 and by affidavit of plaintiff Abercrombie which are annexed hereto as exhibits D-2 and D-3 respectively.
11.
That, contrary to the foregoing representations, the real property located at 507 Decatur Street stood in the names of plaintiffs and Dr. Ralph Lupin individually.
12.
Despite defendant's demands to transfer 507 Decatur Street to the partnership so that defendant received its bargained for consideration, plaintiffs have refused to do so, resulting in defendant and others filing suit for a declaratory judgment, specific performance and damages, That case appears at 411 So.2d 677 (La.App. 4th Cir.1982) and is captioned Decatur-St. Louis Combined Equity Propertiess, Inc. Venture v. Abercrombie and Impastato.

13.
That matter is currently pending in Civil District Court, Docket No. 80-16195, Division L on remand from the Court of Appeal.
14.
As a result of plaintiffs' refusal to allow defendant title or access to 507 Decatur Street, the value of the partnership interests has been seriously diluted.
15.
Specifically, an additional $70,000.00 in corrective work was required for the 507 premises because of prior workmanship by plaintiffs and lack of access to said premises.
16.
Further, the partnership has a lease of a portion of said premises to a corporation controlled by plaintiffs at $350.00 a month, which lease is annexed hereto as exhibit D-4. Plaintiffs have refused to pay said rental and accordingly the partnership interests are diluted at the rate of $350.00 a month or $182,000.00 over the term of the lease.
17.
Further, the partnership has lost the rentals on the upper 3 floors due to lack of access to the premises, which value exceeds $54,000.00 to date and which further seriously dilutes the partnership interests.
18.
In addition, administrative costs, construction costs, and all damages and expenses associated with the partnership purpose have substantially increased due to the failure to transfer 507 Decatur, and have specifically related to defendant, Combined Equities, Inc., as the general partner responsible to the in commendam investors, all of which damages and expenses are estimated at $100,000.00.
19.
As a result of the foregoing serious diminution of value as a result of plaintiffs' actions, defendants are entitled to an offset in any sums due to plaintiffs.
20.
Defendants further aver that there has been no valid executed pledge and delivery of any pledged objects securing defendant's alleged underlying obligation.
21.
Defendant, Combined Equities, Inc., avers it is the primary obligor, if at all obligated herein, and that all other parties are merely secondarily obligated on *732 the principal obligation, if same exists, and both the prolongation of the alleged debt and serious diminution in consideration operate as a discharge or pro tanto discharge of all secondary parties.
By way of reconvention, defendants reiterated their demands for specific performance, damages and offset. Plaintiffs denied the allegations of defendants' reconventional demand.
Plaintiffs filed two motions for summary judgment on the note. The first motion sought judgment against defendants Combined Equity Properties, Inc., Robert G. Jackson, E. Hardy Swyers, Glen Bodin, Combined Equity Services, and Combined Equity Securities, Inc. The second motion sought judgment against defendants E. Hardy Swyers, Glen C. Bodin, and Robert L. Harger, Jr. With the motions plaintiffs filed supporting memorandums and a single affidavit signed by both plaintiffs stating (1) that they hold the note, (2) the terms of the note, (3) that they personally witnessed defendants sign the note, and (4) that they have not been paid since November 1, 1979. On the first motion the trial court granted summary judgment in favor of plaintiffs against defendants Combined Equity Properties, Inc. and Robert T. Jackson[sic] "in the full sum of three hundred sixty thousand ($360,000.00) [dollars] together with interest at the rate of eight per cent (8%) per annum from October 3, 1979 until paid, attorneys fees equal to twentyfive percent (25%) of the principal and interest due thereon and all costs of these proceedings." On the second motion the trial judge granted summary judgment against defendants Robert L. Harger, Jr. and Glen C. Bodin using the same language with an additional phrase providing for "a credit for any amounts already paid."
Under La.C.C.P. Art. 966 a summary judgment can be granted only when there is no genuine issue of a material fact and the mover is entitled to judgment as a matter of law. The purpose of the summary judgment procedural device is to dispose expeditiously of cases involving only issues of law; hence, the mover for summary judgment has a heavy burden of proving that there is no genuine issue of material fact. Fly v. Hand, 376 So.2d 1016 (La.App. 1st Cir.1979). A motion for summary judgment is not a substitute for trial on the merits. Odom v. Hooper, 273 So.2d 510 (La.1973).
In ruling on a motion for summary judgment the court may consider the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits. La.C.C.P. Art. 966. A summary judgment is warranted only when reasonable minds must inevitably conclude from the facts before the court that the mover is entitled to judgment as a matter of law. Honeycutt v. International Paper Co., 421 So.2d 1161 (La.App. 2d Cir. 1982). Any doubt is to be resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981). Ultimate or conclusionary facts and conclusions of law contained in supporting affidavits cannot be utilized on a summary judgment motion. Thompson v. South Central Bell Telephone Co., 411 So.2d 26 (La.1982).
Plaintiffs' petition and defendants' answer and reconventional demand placed at issue numerous factual questions. Plaintiffs' affidavit accomplished little more than a reiteration of their petition. The affidavit did not address, and therefore did not resolve, all of the factual disputes which had been raised between the parties.
At best, the affidavit could be said to have established that the plaintiffs hold a note issued by defendants on which defendants had ceased making the monthly payments. Defendants raised certain defenses of a factual nature. Factual issues remain to be resolved. Plaintiffs' affidavit did not carry their heavy burden of proving that there is no genuine issue of material fact.
There remain factual questions concerning the terms of the agreement between the parties, the nature of the consideration bargained for, whether the parties have performed by delivering the agreed upon *733 consideration, and more. Accordingly, the partial summary judgments granted by the district court in favor of plaintiffs are reversed. This case is remanded for further proceedings consistent with this opinion. The costs of this appeal are to be paid by plaintiffs-appellees. All other costs are to await final determination of this case.
REVERSED AND REMANDED.