481 So.2d 708 (1985)
David DAVIDSON and Debra Amar Davidson
v.
BOARD OF TRUSTEES, STATE EMPLOYEES GROUP BENEFITS PROGRAM, et al.
No. CA 84 1170.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
*709 Paula Cobb, Baton Rouge, for plaintiffs-appellees David Davidson and Debra Amar Davidson.
Tommy Teague, Richard N. Burtt, Baton Rouge, for defendant-appellant Bd. of Trustees, State Employees Group Benefits Program.
David G. Sanders, Baton Rouge, for Mildred Brown and Southern University.
Before LOTTINGER, COLE and CRAIN, JJ.
COLE, Judge.
The primary issue in this appeal is whether an actual or apparent agency relationship existed between a certain employee of Southern University and the Board of Trustees of the State Employees Group Benefits Program (Group Benefits Program), so as to bind the Group Benefits Program to representations made by this employee to a third person.
David and Debra Davidson, plaintiffs herein, were both employed at Southern University at the time of their marriage. At this time Mrs. Davidson cancelled insurance coverage under her name and was added as a dependent under Mr. Davidson's coverage with the Group Benefits Program. On February 28, 1982, Mr. Davidson resigned from Southern in order to take another position. Mrs. Davidson was then in her sixth month of pregnancy. Prior to resigning Mr. Davidson inquired of Mrs. Mildred Brown, an employee of the Southern personnel office, as to whether Mrs. Davidson's pregnancy would be covered *710 under the Group Benefits Program after his resignation. He testified Mrs. Brown first checked with the office of the Group Benefits Program, then informed him all expenses of the pregnancy would be covered after his resignation, since the child was conceived while coverage was in effect. The Davidsons could have converted their coverage under the Group Benefits Program to Mrs. Davidson's name only, in which case her pregnancy would have been covered, but did not do so because of their reliance on the information allegedly given by Mrs. Brown.
Shortly after Mrs. Davidson's admission to Woman's Hospital for the birth of her child on June 15, 1982, Mr. Davidson was informed by the hospital business office that the Group Benefits Program denied any coverage for the Davidsons. Mr. Davidson contacted Mrs. Brown, whom he stated was very apologetic and suggested he submit a claim form anyway. When the Davidsons did so, their claim for maternity benefits was denied.
Mr. Davidson then contacted Mr. James McElveen, executive director of the Group Benefits Program, to discuss the situation. Mr. McElveen indicated coverage for Mrs. Davidson would be granted retroactive to March 1, 1982 if Mrs. Brown would sign an affidavit stating she had misinformed Mr. Davidson his wife's maternity expenses would be fully covered, and if premiums for the period between March through June of 1982 were paid. By letter dated August 25, 1982, Mrs. Brown indicated she could not sign such an affidavit because it did not accurately reflect her conversation with Mr. Davidson. According to her testimony, she informed Mr. Davidson only those expenses incurred prior to his termination would be eligible for payment. Accordingly, Mr. McElveen informed Mr. Davidson the initial decision of the Group Benefits Program denying coverage remained unchanged.
On December 30, 1982, Mr. and Mrs. Davidson filed suit for medical benefits, as well as statutory penalties and attorney fees, against the Group Benefits Program, Southern University and Mildred Brown. Following trial of this matter on April 10, 1984, judgment was rendered in favor of plaintiffs decreeing (1) Mrs. Davidson and Southern University were to pay to the Group Benefits Program the sums due for insurance premiums for Mrs. Davidson for the period from March through June of 1982; 2) Mr. and Mrs. Davidson were to submit all appropriate documentation of their claim to the Group Benefits Program; 3) after receiving the above stated premiums and documentation, the Group Benefits Program was to calculate and pay to plaintiffs the amount of benefits due under its program. The judgment also specifically provided no costs were to be assessed against any party.
The Group Benefits Program has taken a suspensive appeal from this judgment. Plaintiffs answered this appeal seeking an award of statutory penalties and attorney fees, as well as apportionment of court costs against Southern University. Southern also answered the appeal asking to be relieved of the obligation to pay any insurance premiums on behalf of Mrs. Davidson, in the event the judgment against the Group Benefits Program is reversed.
The pivotal issue in this appeal is whether Mrs. Brown was an actual or apparent agent of the Group Benefits Program. The existence of such an agency relationship is the only possible basis for imposing liability upon the Group Benefits Program for the alleged misinformation given by Mrs. Brown. We will first examine whether there was an actual agency relationship between these parties.
The Group Benefits Program denies the existence of any such relationship with Mrs. Brown. Southern, Mrs. Brown's employer, was required by statute to reconcile monthly premium statements and to collect and remit both the employer and employee contributions to the Group Benefits Program. La.R.S. 42:876 B. However, there was no evidence Southern or any of its employees, including Mrs. Brown, ever acted in the capacity of an agent for the Group Benefits Program. Mrs. Brown was *711 employed exclusively by Southern, which paid her full salary and maintained control over her actions. There was no evidence anyone at the Group Benefits Program was even aware of the existence of Mrs. Brown or her job duties. In view of these facts, it is clear there was no actual agency relationship between the Group Benefits Program and Mrs. Brown.
In order to determine whether an apparent agency exists, the actions of the apparent principal, rather than those of the apparent agent, must be examined. Thompson v. Great Midwest Fur Co., 395 So.2d 840 (La.App. 1st Cir.1981). An apparent agency arises when the principal has acted in such a manner as to give an innocent third party the reasonable belief the agent has authority to act for him. Id. Plaintiffs argue the Group Benefits Program clothed Mrs. Brown with indicia of authority, making her appear to be its agent. In particular, they refer to the fact Mrs. Brown handled most insurance matters and inquiries at Southern and was held out as an expert in insurance matters.
We find plaintiffs arguments to be without merit. There is no evidence supporting the broad conclusionary statements made by plaintiffs as regards the conduct and actions of the Group Benefits Program. Even if Mrs. Brown did handle most insurance matters at Southern and was held out as an expert in this area, this situation was created by the actions of Southern rather than the Group Benefits Program. It was Southern which employed Mrs. Brown and assigned her job duties. The Group Benefits Program exercised no control over her duties or actions. It was not even established the Group Benefits Program was aware of Mrs. Brown's job duties with regard to insurance matters. Focusing strictly on the conduct of the Group Benefits Program as we must, we find no actions by it which could have created a reasonable belief Mrs. Brown was its authorized agent.
Mr. Davidson also argues the Group Benefits Program created the impression of an apparent agency by channeling insurance information to him through Mrs. Brown. The facts do not support this argument. The details of the conversation between Mrs. Brown and the employee of the Group Benefits Program she spoke with were not revealed at trial. It was not shown Mrs. Brown made it clear she was inquiring on behalf of a third person. In any event, we do not believe simply answering a telephone inquiry initiated by Mrs. Brown amounts to the type of conduct necessary to create an apparent agency.
Since we have concluded no actual or apparent agency existed between Mrs. Brown and the Group Benefits Program, it is unnecessary to determine whether Mrs. Brown actually gave incorrect information to Mr. Davidson. Under the facts present, there is no basis for imposing liability upon the Group Benefits Program even if Mrs. Brown had given incorrect information. See Beal v. Lomas and Nettleton Co., 410 So.2d 318 (La.App. 4th Cir.1982).
For these reasons, the portion of the trial court judgment awarding medical benefits to plaintiffs is reversed. Further, the portion of the judgment ordering Southern and Mrs. Davidson to pay insurance premiums for March through June of 1982 is reversed since we have concluded no coverage was in effect. We also reverse the portion of the trial court judgment decreeing no court costs were due by any party in this matter. We have found no authority permitting such a waiver of court costs by the trial court. Although the trial court has broad discretion in assessing court costs, La.Code Civ.P. art. 1920, we do not believe its discretion extends so far as to eliminate the necessity for the payment of such costs. Accordingly, we deem it equitable that the Group Benefits Program pay all costs in this case and it is so ordered. La.Code Civ.P. art. 2164. The amount is $676.91. Finally, the portion of the trial court judgment denying plaintiffs' demand for statutory penalties and attorney fees is affirmed.
REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.