583 So.2d 114 (1991)
Joseph L. URBESO, III
v.
Michael BRYAN, et al.
No. 90-CA-2122.
Court of Appeal of Louisiana, Fourth Circuit.
June 27, 1991.
*115 Sidney M. Bach, Gerald Wasserman, Bach & Wasserman, Metairie, for plaintiff/appellant.
Joseph R. Ward, Jr., Ward & Clesi, Wood Brown, III, Kim E. Moore, Montgomery, *116 Barnett, Brown, Read, Hammond & Mintz, New Orleans, for defendants/appellees.
Before BARRY, BYRNES, and BECKER, JJ.
BARRY, Judge.
In this tort action, Joseph Urbeso appeals a summary judgment in favor of Jack Stephens, Sheriff of St. Bernard Parish, and his insurer U.S. Fire Insurance Company.
Urbeso sued Michael Bryan, d/b/a M & T Towing Services, because of injuries he sustained when his bicycle was struck by Bryan's tow truck which was backing out of a driveway. By supplemental petition Urbeso claimed Bryan was uninsured and/or underinsured. Urbeso alleged that the Sheriff was vicariously liable because Bryan towed vehicles as an employee/agent for the Sheriff's Office. Urbeso also claimed the Sheriff was negligent because he permitted Bryan to be uninsured and/or underinsured. Urbeso joined U.S. Fire Insurance Company, the Sheriff's insurer. Bryan third partied his alleged insurer, Commercial Union Insurance Company whose motion for summary judgment was denied.
Urbeso assigns four errors:
1. failing to decide that whether Bryan was an employee and/or agent of the Sheriff at the time of the accident is a genuine issue of material fact;
2. failing to decide that whether the Sheriff had control over Bryan's towing work is a genuine issue of material fact;
3. dismissing the negligence claim relating to Bryan towing vehicles without insurance;
4. summarily dismissing United States Fire Insurance Company.

THE LAW
Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions, and supporting affidavits show there is no genuine issue of material fact. The mover's pleadings, affidavits and documents must be scrutinized closely while those of the opponent are treated indulgently. La.C.C.P. art. 966; Barham & Churchill v. Campbell, 503 So.2d 576 (La.App. 4th Cir.1987), writ denied 503 So.2d 1018 (La.1987); Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). Supporting and opposing affidavits shall be made on personal knowledge and set forth facts that would be admissible in evidence. La.C.C.P. art. 967; Roger v. Dufrene, 553 So.2d 1106 (La.App. 4th Cir.1989), writ denied 559 So.2d 1358 (La. 1990).
Ultimate facts and conclusions of law contained in supporting affidavits cannot be considered in granting a motion for summary judgment. Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La.1982); Decatur-St. Louis Combined Equity Properties, Inc. Venture v. Abercrombie, 463 So.2d 729 (La. App. 4th Cir.1985). Any doubt shall be resolved in favor of a trial on the merits. Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Company, 427 So.2d 1152 (La.1983); Roberts v. Louisiana Coca-Cola Bottling Company, 566 So.2d 163 (La. 4th Cir.1990), writ denied 571 So.2d 647 (La.1990).
Under the doctrine of respondeat superior expressed in La.C.C. art. 2320, "[m]asters and employers are answerable for the damage occasioned by servants and overseers, in the exercise of the functions in which they are employed." Alexander v. Rivers, 560 So.2d 999 (La.App. 4th Cir. 1990); Roger v. Dufrene, 553 So.2d at 1106. A principal may be liable for its agent's actions. La.C.C. art. 2985; Anderson Window & Patio Company, Inc. v. Edward Dumas, 560 So.2d 971 (La. App. 4th Cir.1990). A principal is not liable for any actions by an independent contractor. Williams v. Gervais F. Favrot Company, 499 So.2d 623 (La.App. 4th Cir.1986) writ denied 503 So.2d 19 (La.1987). It is crucial to determine whether Bryan was an employee or agent of the Sheriff or was an independent contractor.
The right of control and supervision, selection and engagement, payment of wages, and the power of dismissal determines *117 whether an "employee" status exists. Ermert v. Hartford Insurance Co., 559 So.2d 467 (La.1990); Harvey v. Travelers Insurance Companies, 487 So.2d 106 (La.App. 4th Cir.1986). An employee has a close relationship and is subject to control by the employer. An employee offers personal services for a price and is an integral part of the employer's business. Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968).
An independent contractor relationship exists when:
1. There is a valid contract between the parties;
2. The work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it;
3. The contract calls for specific piecework as a unit to be done according to the independent contractor's own methods without being subject to the control and direction of the principal, except as to the result of the services to be rendered;
4. There is a specific price for the overall undertaking; and
5. Specific time or duration is agreed upon and not subject to termination at the will of either side without liability for breach.
Smith v. Zellerbach, 486 So.2d 798, 801 (La.App. 1st Cir.1986), citing Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972). The most important test involves the employer's control over the work. Whether the employer exercises control or supervision over the movements and services rendered by the employee is not determinative. The crucial question centers on the employer's right to exercise control. Tardo v. New Orleans Public Service Inc., 353 So.2d 409 (La.App. 4th Cir.1977), writ denied 355 So.2d 267 (La.1978), quoting Amyx v. Henry & Hall, 227 La. 364, 79 So.2d 483 (1955).
An agency relationship is created by express appointment of a mandatory, La.C.C. Art. 2985, or by implied appointment arising from apparent authority. Agency cannot be presumed. It must be clearly established. Roberson Advertising Service, Inc. v. Winnfield Life Insurance Company, 453 So.2d 662 (La.App. 5th Cir. 1984); Lou-Ark Equipment Rentals Company v. Houg Ah Fong, 355 So.2d 1019 (La.App. 4th Cir.1978), writ refused 357 So.2d 1167 (La.1978). An agent acts in place of another by authority from the latter. An agency relationship can be express or by implication. Martin Fuel Distributors, Inc. v. Trans Gulf Fuel, Inc., 496 So.2d 473 (La.App. 1st Cir.1986), writ denied 498 So.2d 753 (La.1986).
Implied or apparent agency exists if the principal has the right to control the conduct of the agent and the agent has the authority to bind the principal. Craft v. Trahan, 351 So.2d 277 (La.App. 4th Cir. 1977), writ refused 353 So.2d 1336 (La. 1978). Apparent agency arises when the principal has acted so as to give an innocent third party a reasonable belief that the agent had authority to act for the principal. Davidson v. Board of Trustees, State Employees Group Benefit Program, 481 So.2d 708 (La.App. 1st Cir.1985); Jackson v. Wal Mart Properties, Inc., 452 So.2d 409 (La.App. 3rd Cir.1984). Apparent agency is established by the words and conduct of the parties and the circumstances of the case. An agency relationship may be created even though there is no intent to do so. Sales Purchase Corporation v. Puckett, 417 So.2d 137 (La.App. 2d Cir.1982), writ denied 421 So.2d 250 (La.1982).
Liability for the tortious or negligent conduct of another does not flow because of a principal-agent relationship. The principal is liable only when the relationship includes the principal's right to control physical details as to the manner of the actor/agent's performance, a characteristic of a master and servant relationship. Rowell v. Carter Mobile Homes, Inc., 500 So.2d 748 (La.1987). To establish a principal's liability, the agent must be a servant who has a close economic relationship and is subject to control by the principal. A servant offers personal services for a price and must submit to the control of his physical *118 conduct and time. Blanchard, 215 So.2d at 902.
The Sheriff's memorandum in support of his motion for summary judgment claimed that no employer/employee or principal/agent relationship existed with Bryan. Bryan was an independent contractor. The Sheriff argued Bryan was not an agent, and, even if considered an agent, the Sheriff was not liable for his tortious acts. U.S. Fire Insurance Company adopted the Sheriff's motion and memorandum.
In support of its motion the Sheriff attached excerpts of Michael Bryan's deposition (a total of nine pages8, 9, 11, 16, 19, 20, 21, 22, 23) in which he stated that he was working at Big Brake (now Express Automotive Service Center) as a mechanic on January 12, 1989. He owned a tow truck for three years and had been making tows for the Sheriff[1] and friends (accident victims) to make extra money. He would be paid after the Sheriff's Office was paid for impoundments. Social security was not withheld from his checks. He personally handled the tow jobs. The Sheriff did not direct him as to how to "hook up" the tow truck or how to tow the vehicle. He was told where to pick up a vehicle and its destination. On the night of January 12, 1989 he received a call from the Sheriff's Office to tow a vehicle.
The Sheriff submitted his affidavit in which he states that Bryan was not an employee or his agent on January 12, 1989 or any other time. He said Bryan had no authority to act for him. Bryan's compensation was on a per tow basis according to a set percentage collected.
In its opposition Urbeso argued Bryan was an agent or employee and noted that the summary judgment motion did not mention the issue of the Sheriff's liability for failing to require liability insurance for tow truck drivers. Urbeso attached a copy of the list of tow truck operators which shows that M & T Towing was on the list for Thursday, January 12, 1989 and M & T's Towing Service's license.
Urbeso also attached Bryan's affidavit in which he declared that he owned and operated M & T Towing Service which had been approved and used by the Sheriff's Office to perform "on call" towing services. Bryan said the Sheriff's Office determined: the amount of charges imposed for the towing as well as the amount that M & T Towing Service would receive; the time, date and place when the services would be performed; the location to which the vehicle was to be towed and the circumstances under which it would be left at its destination; the duration of time that M & T Towing Service would remain on the approved list of tow truck operators; and any other conditions that the Sheriff's Office might wish to impose on M & T Towing regarding its operations as a tow operator for the parish.
The Sheriff's self-serving affidavit must be scrutinized closely. The Sheriff's statement that Bryan was not his employee or agent and had no authority to act for him constitutes a statement of ultimate fact and/or a conclusion of law which cannot be utilized when deciding a summary judgment motion. Bryan's affidavit must be treated indulgently. Bryan states that the Sheriff's Office determined certain aspects of the tow operation and decided whether he would remain on the approved list of operators.
Bryan's deposition[2] did not clearly set out his relationship with the Sheriff's Office, the procedure and requisites for getting on the Sheriff's list, the frequency that a tow truck owner was listed or called, and the degree of control exercised by the Sheriff. One excerpt shows that Bryan received a call from the Sheriff's Office on the night of the accident.
*119 There remain genuine issues of fact as to whether Bryan was an agent or employee when he towed a vehicle for the Sheriff's Office, whether Bryan was responding to a call from the Sheriff when he struck the plaintiff, and whether Bryan's principal/employer is liable for his tortuous act under the circumstances.
Urbeso is correct in his contention that the issue of the Sheriff's negligence for not requiring liability insurance and allowing underinsured and/or uninsured tow trucks to tow vehicles for his office was not part of the summary judgment motion.
The summary judgment is reversed and the case remanded for trial on the merits.
REVERSED; REMANDED.
NOTES
[1] The pages containing Bryan's answer to the question as to what percentage of his towing business involved the Sheriff's Office were not attached to the Sheriff's motion for summary judgment. We therefore do not know the percentage.
[2] Although the Sheriff's brief cites a number of pages in Bryan's deposition which are not attached to its summary judgment motion and not part of this Court's record, we can only consider those excerpts that are attached to the motion.