| iKLIEBEBT, Chief Judge,
dissenting in part; concurring in part.
I respectfully disagree with the majority’s conclusion that the affidavit of the Clarence Machado, Senior Vice-President of the Bank of Louisiana, was factually sufficient to resolve all. issues of material fact. The affidavit states, in pertinent part:
3. On December 31, 1990, and at all times material hereto, the BANK OF LOUISIANA did not have care, custody, control and/or management of the lobby of the building located at 3340 Severn Avenue, Metairie, Louisiana;
4. On or about December 31, 1990, and at all times pertinent herein, the BANK OF LOUISIANA was not responsible for the maintenance, clean-up, and upkeep of the lobby of the building located at 3340 Severn Avenue, Metairie, Louisiana.
In my view, the affidavit contains ultimate facts and conclusions of law which cannot be considered in granting a motion for summary judgment. Thompson v. South Central Bell Tel. Co., 411 So.2d 26 (La.1982); Urbeso v. Bryan, 583 So.2d 114 (La.App. 4th Cir.1991); Smith v. Our Lady of the Lake Hospital, 612 So.2d 816 (La.App. 1st Cir.1992). Accordingly, I would vacate the judgment granting summary judgment in favor of the Bank of Louisiana.
As to the exception of prescription filed by Severn South Partnership, because the Bank of Louisiana would remain a party defendant and is allegedly a solidary obligor with Severn South Partnership, the exception of prescription would fall.
Accordingly, I would vacate both judgments and remand the matter for further proceedings.