|! KATZ, J.,
concurring and assigning written reasons.
I agree with the majority opinion reversing and setting aside the summary judgment rendered in favor of Elizabeth Gosling and State Farm Mutual Automobile Insurance Company by the trial court.
However, I wish to elaborate on my position for concurring with the majority opinion.
A Motion for Summary Judgment is not suitable for the disposition of cases requiring a judicial determination of subjective facts. Penalber v. Blount, 89-C-1071, 550 So.2d 577, 583 (La.1989). “A fact is material if its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” Supra.
Also, “supporting and opposing affidavits shall be made on personal knowledge and set forth facts that would be admissible in evidence. La. C.C.P. art. 967 (citations omitted) ... ultimate facts and conclusions of law contained in supporting affidavits cannot be considered in granting a motion for summary-judgment, (citations omitted)” Urbeso v. Bryan, 90-CA-2122, 583 So.2d 114, 116 (4 th Cir.1991). And if a plaintiff fails to oppose a motion for summary judgment |gby filing affidavits, then the “facts alleged in the movers’ affidavits must be considered as true.” LeBlanc v. Adams, 510 So.2d 678, 682 (4th Cir.1987).
Accordingly, since the plaintiff did not file any opposing affidavits then the court must accept as true the facts alleged in the affidavit by Elizabeth Gosling. Her affidavit contains the following relevant facts: the accident occurred after 9 P.M. on a Tuesday; at the time and place of the accident there were no street lights and the area was pitch dark except for moon light; she was traveling 55 mph. at the point of the accident; suddenly and without warning she encountered an alligator facing south in her lane of travel; the alligator was motionless and in the dark of night she could not see it until it was too late to avoid it; despite having her headlights on she was unable to see the alliga *53 tor and she was unable to avoid striking the alligator.
The following statements in Ms. Gosling’s affidavit are conclusions of law and not facts that are admissible into evidence: traveling at the appropriate speed limit; being vigilant at all times; the sole cause of her losing control of her vehicle was the striking of the alligator; and from her perspective the accident was totally unavoidable. Hence, under Urbeso, supra, these statements are not to be given any weight.
The Supreme Court set forth the following rule for drivers in Vowell v. Mfr. Cas. Ins. Co., 229 La. 798, 86 So.2d 909, 913 (La.1956), rehearing denied: “a motorist traveling on the public highways after dark or ... other abnormal condition, which prevents him from seeing ahead, except imperfectly, and for a short time and distance, must guard against striking objects in the road with which he may be suddenly confronted, constitutes an exception to the general rule that a motorist may assume that the road is safe for travel even at night. But the exception to the general rule is itself subject to the exception that a motorist traveling by night is not charged with the duty of guarding against striking an 1 ¡¡unexpected or unusual obstruction, which he had no reason to anticipate he would encounter on the highway.”
Hence, a trier of fact cannot determine the credibility of Ms. Gosling on a motion for summary judgment nor can the trier of fact determine if she was driving too fast under the circumstances, i.e., darkness with no street lighting even though she was within the speed limit. There is also a finding of fact to be made with respect to Ms. Gosling’s speed, the distance that her head light beams could reach and whether she could stop her car within the range of her vision.[1]
For the foregoing reasons and for those cited in the majority opinion, I concur in setting aside the summary judgment granted by the trial court and remanding this matter to the trial court for further proceedings.

. The cases cited by Appellees for absolving Ms. Gosling from fault were decided after a trial on the merits — not by summary judgment.