hBYRNES, Judge.
We grant writs for the purpose of reviewing a trial court denial of plaintiffs motion for summary judgment on a question of personal injury uninsured motorist coverage under a Hartford Insurance Company Policy.
Relators in these consolidated writs, Holiday Inn, Inc., Holiday Inn Superdome, Holiday Hospitality Corporation, and Civic Center Site Development Company, D/B/A Holiday Inn Downtown Superdome; rela-tors/plaintiffs Michelle Crutchfield, et al.; and defendant/relator Lexington Insurance Company all seek to reverse the trial court judgment of October 25, 1999 denying plaintiffs Renewed Motion for Partial Summary Judgment whereby the plaintiffs sought to have the trial court find that a policy of the respondent, the Hartford In *860 surance Company, provided coverage under the facts of this case.
Apparently, the decedent, Mr. Samuel Crutchfield, was killed when pinned between his vehicle (while he was allegedly securing his cargo on the side of the road) and a vehicle driven by Mr. Derek Landry.
L.The vehicle being operated by the decedent was owned by his employer, TRISM, Inc. TRISM, Inc. had an Automobile Liability Insurance Policy issued by the respondent, Hartford Insurance Company. Hartford denies that its policy furnishes UM coverage under the facts of this case. We, therefore, assume that the driver of the other vehicle was uninsured.
Relators contend that the TRISM vehicle is a “LighL-Medium Truck” and as such is covered by the Hartford policy. The Hartford policy defines “Light-Medium Trucks” as “a motorized auto other than a ‘private Passenger Type’ with a gross vehicle weight of 20,000 pounds or less.” Relators contend that the TRISM vehicle weighed slightly less than 20,000 pounds. Hartford does not deny that its policy covers “Light-Medium Trucks.”
Instead, Hartford contends that its policy does not provide coverage for a “Truck Tractor” regardless of weight. “Truck Tractor” is defined in the Hartford policy as “a motorized auto with or without body for carrying commodities or materials, equipped with fifth wheel coupling device for semi-trailers.”
Relators do not appear to deny that the TRISM vehicle fits the Hartford definition of “Truck Tractor.” The effect of relators argument is that a “Truck Tractor” may simultaneously meet the Hartford specifications for a “LighL-Medium Truck” and thereby obtain coverage not provided for “Truck Tractors.”
We find nothing in the wording of the Hartford policy that would prevent a vehicle from being classified in both categories and thereby taking advantage of whichever category offered the best coverage.
In opposition to the motion for summary judgment, Hartford offered the affidavit of Bruce Luria, an insurance broker. It states in pertinent part:
That the intent of the parties as is evidenced through his personal knowledge and his knowledge of the policies of insurance in question was to place coverage for TRISM’s Ltractor trailers with ÜSF & G and that the Hartford policy was not intended and does not provide any coverage for the tractor trailer being operated by Mr. Crutchfield at the time of his accident.
Hartford also offered the affidavit of Mr. James Berton Wingfield, a Vice President of TRISM. Mr. Wingfield’s affidavit states that TRISM insured its light-medium trucks under 20,000 pounds with Hartford, but insured its truck-tractors, including the truck-tractor at issue in the instant case with USF & G, and that “truck-tractors such as that being operated by Samuel Crutchfield at the time of his death were never intended to be covered by the Hartford policy in question.”
If the language of the Hartford policy provides coverage, the conclusory affidavits of Mr. Wingfield and Mr. Luria do not change that fact. It is for this Court and not Mr. Luria or Mr. Wingfield to determine whether the Hartford policy provides coverage. Moreover, an insured is not limited to only those coverages the insured specifically contemplated at the time the policy was issued if the policy provides additional coverages.
If the language of the policy can reasonably be read to provide coverage, an insured has no burden to show that such coverage was specifically contemplated by the policy holder.
Ambiguity must be resolved by construing the policy as a whole. Michelet v. Scheuring Sec. Services, Inc., 95-2196, p. 12 (La.App. 4 Cir. 9/4/96); 680 So.2d 140, 147. But ambiguous or equivocal provisions which seek to narrow the insurer’s *861 obligations are construed against the insurer. Id. Hartford’s argument might be somewhat stronger if the Hartford policy specifically excluded “Truck-Tractors.” Instead of speaking in terms of exclusion, the Hartford policy speaks of coverage of private passenger vehicles and light-medium trucks weighing less than 20,000 lbs. There is nothing in the Hartford policy saying that “Truck-Tractors” may not also be light-medium trucks if they weigh less than 20,000 pounds. By 14way of analogy, this Court noted in Michelet, supra, that an assault and battery could be treated as either a tort or a criminal act. If a tort, it would be covered under the policy in question in Michelet, if a criminal act it would be excluded, because there was a specific exclusion for criminal acts. In the instant case there was no specific exclusion for “Truck-Tractors” analogous to the exclusion for criminal acts found in the Michelet policy. Had there been a specific exclusion for “Truck-Tractors” in the Hartford policy, Hartford would have a much better argument under Michelet.
A definition is not an exclusion. By way of analogy: If a policy were to define dogs and provide coverage for dogs under 20 pounds, but also include a' definition of, but no exclusion for Great Danes, we would have to say that the policy provides coverage for Great Danes that weigh less than 20 pounds, because although not all dogs are Great Danes, all Great Danes are dogs. Similarly, as the Hartford policy says that “motorized auto[s] other than a ‘private Passenger Type’ with a gross vehicle weight of 20,000 pounds or less” (Light-Medium Trucks) are covered, we would have to say that Truck-Tractors under 20,000 pounds are covered because although not all Light-Medium Trucks fit the definition of Truck-Tractor (“a motorized auto with or without a body for carrying commodities ... ”), all Truck-Tractors are “motorized auto[s] other than a ‘private Passenger Type.’ ” This demonstrates that there is no logical fallacy to reading Hartford’s policy to provide coverage for the truck-tractor operated by the decedent.
The rule of strict construction of insurance policies does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating ambiguity where there is none. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180, 1183. However, it requires no perversion of language to say that Truck-Tractor is a “motorized auto other than a ‘private Passenger Type’ ” and, therefore, fits the definition of Light-Medium Truck if the | sTruck-Tractor in question weighs less than 20,000 pounds, especially in view of the fact that Truck-Tractor is also defined in the Hartford policy as a “motorized auto.”
We do not seek to avoid the question of why Hartford would have included a separate definition for Truck-Tractor had there not been an intention to somehow treat Truck-Tractors differently from Light-Medium Trucks. However, the burden is on Hartford to show that the purpose was one of exclusion under the circumstances of the instant case. Hartford has failed to point to any exclusionary language. For all we know the language may be in the policy to be used in connection with some endorsement that is sometimes, but not always, issued in connection with such policies, but was not issued in connection with the instant policy. This would be analogous to “Item Three” of Form HA00250295 which states that it applies only in the event a “Schedule of Covered Autos You Own” is issued in connection with the policy. Perhaps the language is left over from a time when there was an intention that no longer exists to provide coverage in policies of this type for the two different categories of truck. The only thing we can say with certainty is that the mere existence of a definition in the policy of Truck-Tractor is not sufficient to create an exclusion for a Truck-Tractor that also fits the definition of a covered Light-Medium Truck. We do not deny the possibility that the definition of *862 Truck-Tractor may have been intended by Hartford to be used in connection with an exclusion, but there is nothing in the policy as furnished to the trial court in connection with the motion for summary judgment to support such a conclusion: The mere fact that there was a possible intention of exclusion is not sufficient to create an enforceable exclusion under our jurisprudence for construing policy language. Ambiguous or equivocal provisions which seek to narrow the insurer’s obligations are construed against the insurer. Michelet, supra. The interpretation which favors coverage must be applied. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180, 1183.
A review of the policy as a whole, reinforces our conclusion that Truck-Tractors weighing less than 20,000 pounds are also covered LighL-Medium _ Trucks. Form HA99030187, an endorsement entitled “Autos Not Covered,” states that liability coverage is not provided for: “All autos, other than private passenger types and autos with a gross vehicle weight of less than 20,000 pounds.” No attempt is made to differentiate between “Truck Tractors” and “LighL-Medium Trucks.” Form HA99030187 is concerned with the only weight of non-private passenger type autos. “Symbol 10” of Form HA00210187 also distinguishes non-private passenger type vehicles by weight only. No reference is made to any distinction between “Light-Medium Trucks” and “Truck Tractors.” We infer that the Hartford policy attaches greater weight to a truck’s weight than to the .truck type.
Hartford notes that Form HA00250295 (“Item Two-Schedule of Coverages and Covered Autos”) describes “Covered Autos” by “Symbol 10.” “Symbol 10” is defined in Form HA 0021 0187 as “only those ‘autos’ described in Item Three of the Declarations” which in turn is a reference back to “Item Three” of Form HA00250295. “Item Three” of Form HA00250295 entitled “Schedule of Covered Autos You Own” states that it is: “Applicable only if ‘Schedule of Covered Autos You Own’, Form HA0012, is issued to form a part of this policy.” This “Schedule of Covered Autos You Own”, Form HA0012, is not among any of the forms furnished to this Court by the respondent, Hartford. It is not to be found among the 245 pages certified by Hartford as comprising a correct copy “of the applicable portion(s)” of the policy.
Hartford asserts that the “Schedule of Covered Autos You Own”, Form HA0012, which Hartford contends limits coverage to certain- specifically described vehicles, thereby excluding the vehicle being operated by the decedent, “is kept on 17file by the insured and its broker.” Hartford contends that the burden was on the relators to discover the existence of this exclusionary schedule. This is not the case.
Summary judgmerits are favored. LSA-C.C.P. art. 966A(2). Where as here, the motion for summary judgment is supported by competent evidence that the TRISM vehicle weighed less than 20,000 pounds[1] and a reasonable reading of the language of the policy provides coverage, Hartford may not rest on mere allegations or denials. The burden was on Hartford to produce evidence of any exclusion. Hartford failed to dó so, and did not allude to the possible existence of such a schedule in opposition to the motion for summary judgment below. As stated previously, the affidavits of Luria and Wingfield are merely conclusory in nature and raise no genuine issues of material fact. Urbeso v. Bryan, 583 So.2d 114, 116 (La.App. 4 Cir.1991). Additionally, neither of those affidavits hint of the existence of such a schedule. The failure of the affidavits of both Luria and Wingfield to even hint at *863 the existence of such a Schedule, if anything, creates an inference that no such Schedule exists. No reference was made to such a schedule in the transcript of either summary judgment hearing below. Those hearings focused primarily on a dispute over proving the weight of the vehicle. Our summary judgment review is limited to what was properly before the trial court. Accordingly, we are unable at this stage of the proceedings to give any weight to a “Schedule” which was never offered into the record.
Moreover, if, as is contended by Hartford, it is the existence of a schedule of specifically described vehicles (that cannot be established from the record, and we are a court of record) that creates the exclusion of the vehicle operated by the 1 sdecedent, this undermines Harford’s argument that the separate definition of Truck-Tractor was intended to be sufficient in itself to create such an exclusion.
We note from the transcript of proceedings in the trial court that counsel argued that the TRISM vehicle could not possibly weigh less than 20,000 lbs. But argument of counsel is not evidence and is not sufficient to overcome relators’ competent evidence as to the weight of the vehicle. Moreover, we infer that Hartford has abandoned its argument concerning ■ the weight of the vehicle as it is not mentioned in its opposition filed with this Court. Regardless, we conclude that the Record fails to reveal any genuine issue of material fact concerning the weight of the vehicle.
Hartford also argues that a certain USF & G policy provided coverage for the vehicle in question as proof the Hartford policy did not. We find that the fact the USF & G policy may provide coverage is not sufficient to eliminate the ambiguity ■ in the Hartford policy. Insureds frequently have policies with overlapping coverages. Hartford does not contend that its policy contains a provision excluding coverage where other coverage is available under the facts of this case.
Finally, we note that Hartford fails to cite any authority for its argument that a “Truck Tractor” may not at the same time be a “Lighh-Medium Truck” under its policy. Hartford offered no evidence to establish as a matter of fact that in practice a “Truck-Tractor” cannot be a light-medium truck if it weighs less than, 20,000 lbs. In other words, Hartford has introduced no evidence to prove that the terms must be considered mutually exclusive. Hartford refers to the “customary and ordinary usage of the terms” but offers no evidence of such usage. In the absence of evidence, we know of no authority that would authorize this Court or the trial court to take judicial notice of such usage, assuming such to be the case.
For all of the foregoing reasons, we find that the Hartford policy clearly provides coverage for the vehicle in question, or at best from Hartford’s j ^perspective, it might be argued that an ambiguity exists. As it is hornbook law that any ambiguity is to be construed in favor of coverage, we find that the trial court’s denial of plaintiffs motion for summary judgment was error. Accordingly, we reverse and render judgment in favor of the plaintiff, finding that the Hartford policy provides coverage to the Trism, vehicle.
WRIT GRANTED; JUDGMENT REVERSED.

. There is an affidavit of the Administrator of the IRP/IFTA Section, Motor Vehicle Division, Oklahoma Tax Commission, attesting that the vehicle in question weighs 19,795 lbs. Harl-ford offers no countervailing affidavits or evidence. There is also a certified copy of an Oklahoma registration showing the same weight.