hGREMILLION, Judge.
In this case, the plaintiff, Gerald R. Mc-Manus, Jr., appeals the judgment of the trial court granting summary judgment in favor of the defendant, Landmark American Insurance Company. On appeal, Mc-Manus, Jr. argues that the trial court erred in finding that his father, Gerald R. McManus (McManus, Sr.), was his legal representative and had actual, implied, or apparent authority to execute a valid uninsured motorist rejection pursuant to La. R.S. 22:1406(D)(l)(a)(ii). For the following reasons, we affirm, but for reasons different than those stated by the trial court.
*394 MOTION FOR SUMMARY JUDGMENT
Summary judgment procedure is favored in Louisiana. Taylor v. Rowell, 98-2865 (La.5/18/99); 736 So.2d 812; La.Code Civ.P. art. 966(A)(2). It shall be used to “secure the just, speedy, and inexpensive determination of every action, except those disallowed by La.Code Civ.P. art. 969” and “shall be construed to accomplish these ends.” La.Code Civ.P. art. 966(A)(2). The trial court is required to render summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B). Finally, it is well settled that the appellate review of summary judgment is de novo, applying the same criteria which governs the trial court’s consideration of the appropriateness of summary judgment. Id. Accordingly, we shall undertake á de novo review of this matter.
I, AGENCY
In Cartinez v. Reliable Amusement Co., Inc., 99-333, pp. 6-7 (La.App. 3 Cir. 11/3/99); 746 So.2d 246, 250-51, writ denied, 99-3404 (La.2/4/00); 754 So.2d 235, we quoted with approval the excellent summary of the law relative to agency relationships found in Barrilleaux v. Franklin Foundation Hospital, 96,0343, pp. 6-7 (La.App. 1 Cir. 11/8/96); 683 So.2d 348, 353-54, writ denied, 96-2885 (La.1/24/97); 686 So.2d 864, where our colleagues held:
An agent is one who acts for or in place of another by authority from the latter. Oliver v. Central Bank, 26,932 p. 8 (La.App. 2nd Cir.5/10/95); 658 So.2d 1316, 1321, writ denied, 95-1469 (La.9/22/95); 660 So.2d 477; Martin Fuel Distributors, Inc. v. Trans Gulf Fuel, Inc., 496 So.2d 473, 476 (La.App. 1st Cir.), writ denied, 498 So.2d 753 (La.1986). An agency relationship may be created by express appointment of a mandatary under LSA C.C. art. 2985 or by implied appointment arising from apparent authority. Oliver v. Central Bank, 658 So.2d at 1321; Urbeso v. Bryan, 583 So.2d 114, 117 (La.App. 4th Cir.1991); Duplessis Cadillac, Inc. v. Creative Credit Services, Inc., 564 So.2d 336, 338-39 (La.App. 1st Cir.1990). Therefore, an agent’s authority is composed of his actual authority, express or implied, together with the apparent authority which the principal has vested in him by his conduct. Boulos v. Morrison, 503 So.2d 1, 3 (La.1987); Duplessis Cadillac, Inc. v. Creative Credit Services, Inc., 564 So.2d at 339. As between principal and agent, the limit of an agent’s authority to bind the principal is governed by the agent’s actual authority. However, as between principals and third parties, the limit of an agent’s authority to bind the principal is governed by the agent’s apparent authority. Boulos v. Morrison, 503 So.2d at 3.
Implied or apparent agency exists if the principal has the right to control the conduct of the agent and the agent has the authority to bind the principal. Urbeso v. Bryan, 583 So.2d at 117. Apparent agency arises when the principal has acted so as to give an innocent third party a reasonable belief that the agent had the authority to act for the principal, Urbeso v. Bryan, 583 So.2d at 117; Davidson v. Board of Trustees, State Employees Group Benefits Program, 481 So.2d 708, 711 (La.App. 1st Cir.1985), and the third party reasonably relies on the manifested authority of the agent. Duplessis Cadillac, Inc. v. Creative Credit Services, Inc., 564 So.2d at 339; Tate v. Hanover Insurance Com *395 party, 526 So.2d 1302, 1305 (La.App. 3rd Cir.), writ denied, 530 So.2d 569 (La.1988). Apparent agency is established by the words and conduct of the parties and the circumstances of the case. An agency relationship may be created even though there is no intent to do so. Urbeso v. Bryan, 583 So.2d at 117; Sales Purchase Corporation v. Puckett, 417 So.2d 137, 140 (La.App. 2nd Cir.), writ denied, 421 So.2d 250 (La.1982).
In Tedesco v. Gentry Development, Inc., 540 So.2d 960, 963 (La.1989) (citations omitted) (footnote omitted), the supreme court held:
Apparent authority is a doctrine by which an agent is empowered to bind his principal in a transaction with a third person when the principal has made a manifestation to the third person, or to the community of which the third person is a member, that the agent is authorized to engage in the particular transaction, although the principal has not actually delegated this authority to the agent. In an actual authority situation the principal makes the manifestation first to the agent; in an apparent authority situation the principal makes this manifestation to a third person. However, the third person has the same rights in relation to the principal under either actual or apparent authority. Further, apparent authority operates only when it is reasonable for the third person to believe the agent is authorized and the third person actually believes this.
Further, in Cartinez, 746 So.2d at 251, relying on Barrilleaux, 683 So.2d 348, we held:
An agency relationship is never presumed; it must be clearly established. Fleet Finance, Inc. v. Loan Arranger, Inc., 604 So.2d 656, 658 (La.App. 1st Cir.1992); Duplessis Cadillac, Inc. v. Creative Credit Services, Inc., 564 So.2d at 338. The burden of proving apparent authority is on the party seeking to bind the principal. A third party may not blindly rely on the assertions of an agent, but has a duty to determine, at his peril, whether the agency purportedly granted by the principal permits the proposed act by the agent. Desormeaux v. Lalonde, 578 So.2d 226, 230 (La.App. 3rd Cir.), writs denied, 581 So.2d 705 and 706 (La.1991); Duplessis Cadillac, Inc. v. Creative Credit Services, Inc., 564 So.2d at 339. One must look from the viewpoint of the third party to determine whether an apparent agency has been created. AAA Tire & Export, Inc. v. Big Chief Truck Lines, Inc., 385 So.2d 426, 429 (La.App. 1st Cir.1980).
I ¿DISCUSSION
It is undisputed that McManus, Sr. executed the uninsured motorist rejection form provided by Landmark. Further, it is clear from the evidence that McManus, Jr. impliedly authorized McManus, Sr. to execute the form. McManus, Jr. and Mc-Manus, Sr. had a joint checking account, in which McManus, Sr. could write checks at his discretion. McManus, Jr. relied on his father’s business expertise, experience, and decisions, and allowed him to handle the day-to-day affairs of his business. Even though McManus, Jr. claimed he did not expressly give his father permission to execute his signature, he stated, “There’s not much I can do about it. That’s my daddy.” We, therefore, find that Mc-Manus, Jr., by his conduct, impliedly authorized McManus, Sr. with the authority to bind him as principal in rejecting the uninsured motorist coverage.
However, we must examine the apparent agency relationship from the viewpoint of the Jim Thomasee Insurance Agency, the third party. The record re- *396 fleets that McManus, Sr. went to Thoma-see’s office in Alexandria, Louisiana, and executed the uninsured motorist rejection form in the presence of Thomasee’s secretary, Charlotte Feazell.[1] The record also reflects that Thomasee had no personal knowledge of whether McManus, Jr. designated anyone to act on his behalf; whether McManus, Jr. gave McManus, Sr. any specific authorization to sign the uninsured motorist rejection form; or whether McManus, Jr. or McManus, Sr. signed the uninsured motorist rejection form. According to his testimony, he gave instructions to his employees to deal with McManus, Jr. as the insured. Although Thomasee knew |KMcManus, Sr. helped McManus, Jr. with his business enterprises, he had no specific authorization from McManus, Jr. to allow Mc-Manus, Sr. to sign any forms or accept coverages or premiums on behalf of Mc-Manus, Jr. Thomasee also said that he agreed with the concept that the uninsured motorist rejection form should have been signed only by the.insured or his designated representative.
Accordingly, we find that there exists significant factual questions as to whether Thomasee, as a third party, established the apparent agency relationship between Mc-Manus, Jr. and McManus, Sr. From his testimony, we cannot say that McManus, Jr. acted in such a way so as to give Thomasee a reasonable belief that Mc-Manus, Sr. had authority to act for him. Therefore, we find that the trial court erred in granting summary judgment based on its finding that McManus, Sr. was McManus, Jr.’s legal representative for the purpose of executing the uninsured motorist rejection form.
BROKER RELATIONSHIP
In its brief, Landmark argues that, even if no agency relationship existed between McManus, Jr. and his father, he still has no right to pursue Landmark because Tho-masee acted as a broker representing Mc-Manus, Jr. and not as its agent. This issue was not addressed in the trial court’s ruling, not appealed by McManus, Jr., and no answer to the appeal was filed by Landmark. However, the issue was properly alleged and pleaded in Landmark’s motion for summary judgment. The trial court’s failure to address it can be attributed to the fact that it based its ruling on the agency question rendering the broker issue moot.
IsWe are cognizant that an “appellate court shall render judgment which is just, legal, and proper upon the record on appeal.” La.Code Civ.P. art. 2164.
The purpose of this article is to give an appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed upon by the court below; Article 2164 insures that the “theory of the case” doctrine is not applicable to appeals under the Code of Civil Procedure. See Official Revision Comment (a) to Article 2164.
Wheeler v. Kelley, 28,379 (La.App. 2 Cir. 11/7/95); 663 So.2d 559, 561, writs denied 95-2721, 95-2722 (La.11/9/95); 664 So.2d 404, 405. Therefore, in the exercise of our complete freedom to do justice and in the interests of judicial economy, we elect to decide the issue since the record contains sufficient evidence upon which to make a determination.
Whether an insurance broker, in a transaction, is acting as an agent of the *397 insured or the insurer in a transaction is a question of fact to be determined from the particular circumstances of the case, Tiner v. Aetna Life Ins. Co., 291 So.2d 774 (La.1974); Duhon v. Mid-American Cas. Co., 553 So.2d 1100 (La.App. 3 Cir.1989).
The existence or non-existence of an agreement between an insurer and an intermediary is not necessarily disposi-tive of the issue. Britten v. Payne, 381 So.2d 855 (La.App. 1st Cir.1980), writ denied, [384 So.2d 800 (La.1980) ]. A principal/agent relationship is never presumed. There must exist facts which give rise to the reasonable inference that an agency relationship has been entered into. Smason v. Celtic Life Ins. Co., 615 So.2d 1079 (La.App. 4th Cir.1993), writ denied, [618 So.2d 416 (La.1993) ].
Hickey v. Centenary Oyster House, 29,221, pp. 4-5 (La.App. 2 Cir. 2/26/97); 690 So.2d 858, 861, reversed on other grounds, 97-1074 (La.10/20/98); 719 So.2d 421.
There is no evidence in the record to support a finding that Thomasee was acting as Landmark’s agent. Rather, the evidence supports a finding that he was 17acting as McManus, Jr.’s agent in procuring insurance coverage for him. Thoma-see testified that he is an independent agent or broker, who represents several different insurance companies and has the authority to bind coverage for some of those companies. He stated that he has no contract with Landmark, but, rather, submits applications to Southern States General Agency, Landmark’s agent, who then submits the applications to Landmark. Thomasee admitted that he does not have the authority to bind coverage with either Southern States or Landmark. He also agreed with McManus, Jr.’s impression that he was representing Mc-Manus, Jr.’s interests throughout the process of procuring insurance for him.
The record before us is complete and reflects that Thomasee, a broker, was not acting as an agent for Landmark, had no contractual relationship with Landmark, and had no authority to bind Landmark. Thomasee was not obligated to any one specific company, but could write insurance policies for more than one company. In fact, both he and McManus, Jr. testified that Thomasee was representing Mc-Manus, Jr., in attempting to obtain the best rates for his insurance policy.
Considering the foregoing evidence, we find that there is no genuine issue of material fact pertaining to whether an agency relationship existed between Thomasee and Landmark. Accordingly, judgment is granted in favor of Landmark dismissing McManus, Jr.’s claims against it with prejudice.
CONCLUSION
For the foregoing reasons, we find that the trial court erred in granting summary judgment in favor of Landmark American Insurance Company on the issue of the implied agency relationship between Gerald R. McManus, Jr. and Gerald R. IsMcManus. However, because we find that no agency relationship existed between Landmark American Insurance Company and the Jim Thomasee Insurance Agency, judgment is granted in favor of Landmark American Insurance Company dismissing the claims of Gerald R. Mc-Manus, Jr. with prejudice. The costs of this matter are taxed to the plaintiff-appellant, Gerald R. McManus, Jr.
AFFIRMED.

. Thomasee, in his deposition, also referred to Feazell as his commercial customer service representative.